# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEVEN W. KIRKPATRICK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 18-11471-ADB |
| ARCHDIOCESE OF BOSTON. Defendant. | ) ) ) ) | |

# ORDER

**BURROUGHS, D. J.**

On July 17, 2018, Steven W. Kirkpatrick, now in custody of the Dade Correctional Institution in Florida, initiated this action by filing a motion for the appointment of a *pro bono* attorney to pursue a legal claim on behalf of Kirkpatrick against the Archdiocese of Boston. *See* Docket No. 1.

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See id.*

Here, Kirkpatrick did not file a motion in accordance with 28 U.S.C. § 1915 (proceedings *in forma pauperis*) and did not file a complaint in accordance with Rule 3 of the Federal Rules of Civil Procedure ("A civil action is commenced by filing a complaint with the court). Because of this, his motion will be denied without prejudice.

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $50.00 administrative fee, *see* 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Because Kirkpatrick is a prisoner, any motion to proceed *in forma pauperis* must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[1]

Accordingly, the motion to appoint counsel is denied and this action is dismissed without prejudice. Kirkpatrick may move to reopen this case within 35 days of the date of this Order by filing a complaint,[2] a motion for leave to proceed *in forma pauperis*, and a certified copy of his prison account statement. If a timely motion to reopen is not filed, Kirkpatrick may wish to initiate a new civil action by filing a complaint accompanied by either payment of the filing fee or a motion for leave to proceed *in forma pauperis*. The Court expresses no opinion as to the merit of Kirkpatrick's claim.

**SO ORDERED.**

Dated: October 17, 2018

/s/ Allison D. Burroughs
UNITED STATES DISTRICT JUDGE

---

[1] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis status*. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2).

[2] For this federal court to have subject matter jurisdiction over a civil action, the complaint must raise a federal question pursuant to 28 U.S.C. §1331 or allege that for purposes of diversity jurisdiction under 28 U.S.C. §1332 the parties are diverse and the amount in controversy exceeds $75,000.